**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FIRESTAR DIAMOND, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**GOLD-N-DIAMONDS, INC. d/b/a GND JEWELRY SUPER CENTER,**<br><br>Defendant. | **CASE NO. 16-CV-5339**<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, Firestar Diamond, Inc. ("Firestar" or "Plaintiff"), by and through its undersigned counsel of record, for its complaint against defendant Gold-N-Diamonds, Inc. d/b/a GND Jewelry Super Center ("GND" or "Defendant"), hereby alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement under 35 U.S.C. § 271, et seq., by Plaintiff Firestar against Defendant GND for infringement of United States Design Patent No. D617,672 (the '672 Patent").

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. The actions of Defendant complained of herein have been, and continue to be committed within the State of New York and the Southern District of New York.

4. Upon information and belief, Defendant contracts to supply goods and transact business in New York and within this judicial district, and the infringing acts of Defendant complained of herein, including, without limitation, the advertising, promotion, offering for sale, and

sale of Defendant's infringing products, have been and continue to be committed, and have caused harm to Plaintiff, within this judicial district.

5. Upon information and belief, Defendant owns and/or operates in the U.S., and specifically in New York and this judicial district, one or more interactive web sites which utilize U.S. based ".com" domain names, including but not limited to www.jewelrysupercenter.com, and distributes promotional/advertising pamphlets into New York and this judicial district, both from which Defendant sells and/or facilitates the sale of infringing products into the State of New York and this judicial district.

6. Accordingly, personal jurisdiction exists over Defendants pursuant to NYCPLR §§ 301 and/or 302.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

8. Firestar is a corporation duly organized and existing under the laws of Delaware, having its principal place of business in New York, New York.

9. Upon information and belief, Defendant GND is a corporation having its principal place of business in Atlanta, Georgia.

## FACTUAL ALLEGATIONS

10. Firestar is a world renowned purveyor and manufacturer of fine jewelry and exquisite diamonds having operations that span the globe, including the USA, Europe, the Middle East, the Far East and India.

11. Since Firestar's inception in 1999, Firestar has been an industry leader that offers the finest quality, and most ethically obtained jewelry products.

12. Firestar continuously innovates and develops breakthrough jewelry design, iconic branding, and new product categories. To protect such designs and products, Firestar has amassed an intellectual property portfolio containing several hundred copyrights, registered trademarks and patents, including the '672 Patent.

13. On or about August 20, 2009, Firestar filed U.S. Patent Application No. 29/342,218 with the U.S. Patent and Trademark Office (the "PTO"), seeking to obtain patent protection for its proprietary jewelry design for a ring.

14. On or about June 15, 2010, the PTO issued to Firestar U.S. Design Patent No. D617,672 for the design of a ring, entitled "RING."

15. The '672 Patent is valid and subsisting.

16. Firestar is the record owner of the '672 Patent.

17. Firestar has been offering for sale and selling products under the '672 Patent since as early as August 2009.

18. Without the authorization or consent of Firestar, Defendant is making, using, offering for sale and/ or selling products that infringe Firestar's '672 Patent, specifically, Defendant's rings bearing item numbers 106203, 106212 and 112250, to third party retailers/resellers and/or directly to end consumers (the "Infringing Products").

19. In our about April 2016, Firestar learned of the Infringing Products by viewing Defendant's 2016-2017 Dream Wedding Bridal Collection pamphlet, where such pamphlet was sent to Firestar at Firestar's place of business in New York, New York.

20. On or about May 4, 2016, Firestar's counsel sent a cease and desist letter to Defendant notifying Defendant of the '672 Patent and requesting Defendant to cease all promotion, offering for sale, selling, manufacture and/or importation of the Infringing Products.

21. On or about June 10, 2016, Firestar had a teleconference with Defendant regarding the Infringing Products.

22. During the June 10, 2016, teleconference, Defendant asserted and confirmed that it would cease all use and discontinue all sales of the Infringing Products.

23. On or about June 10, 2016, Firestar sent a letter to Defendant summarizing the teleconference and requesting written confirmation of Defendant's position that it will cease all use and sale of the Infringing Products.

24. Since the June 10, 2016, teleconference and letter from Firestar, Firestar has had several other teleconferences with Defendant regarding the Infringing Products.

25. To date, Defendant has not issued any written confirmation of Defendant's intention to cease all use and sale of the Infringing Products to Firestar.

26. Upon information and belief, Defendant does not intend to cease the use and sale of the Infringing Products.

## COUNT I
## PATENT INFRINGEMENT
(U.S. Design Patent No. D617,672)

27. Firestar repeats and realleges each allegation contained in the prior paragraphs and incorporates them herein.

28. Firestar is the owner of the '672 Patent, which issued on June 15, 2010.

29. The '672 Patent is valid and subsisting.

30. Upon information and belief, Defendant has infringed and continues to infringe the '672 Patent literally and/or under the doctrine of equivalents, by making, using, offering for sale,

selling, and/or importing the Infringing Products without the authority of Firestar, and/or by contributing to and/or inducing such infringement by third parties.

31. Upon information and belief, Defendant has knowingly encouraged and induced purchasers and users of the Infringing Products to resell and/or use the Infringing Products that infringe the '672 Patent, and specifically intended that such resellers, purchasers and/or users infringe the '672 Patent and knew that the use of the Infringing Products by such purchasers and users constituted patent infringement.

32. Defendant does not have a license or permission to use the '672 Patent.

33. Defendant is aware of the '672 Patent, yet continues its infringing activities.

34. Upon information and belief, Defendant's conduct and infringement of the '672 Patent is, and has been, willful and deliberate.

35. Defendant's unlawful actions have interfered with Firestar's sales, unfairly diverted sales to Defendant, and have caused Firestar monetary damage.

36. The acts of Defendant have caused irreparable harm and damage to Firestar, and have caused Firestar to suffer monetary damage in an amount of no less than $100,000.00.

37. Upon information and belief, Defendant will not cease the use and/or sale of the Infringing Products and thus, Firestar is without an adequate remedy at law.

38. Based upon Defendant's acts of willful infringement, rendering this an exceptional case, Firestar is entitled to injunctive relief, monetary damages, trebled/enhanced damages, costs, and attorneys' fees.

**WHEREFORE**, Firestar demands judgment against Defendant as follows:

A.    That Defendant's conduct willfully infringes the '672 Patent in violation of 35 U.S.C. § 271 et seq.

B.    That Defendant and its agents, officers, directors, servants, employees, their successors and assigns, and all others in active concert or participation with Defendant be preliminarily and permanently enjoined from directly or indirectly:

    (i)    Making, using, offering for sale and/or selling any product, including the Infringing Product and/or any later or subsequent versions of the Infringing Product, that infringe the '672 Patent; and

    (ii)    Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done, amounts to patent infringement, whereby wholesalers, retailers and/or consumers of such products are deceived into believing that the Infringing Products, or related products, emanate and/or are licensed from Firestar or from a company that is sponsored, authorized, or endorsed by Firestar.

C.    That the Court issue an Order directing Defendant:

    (i)    To immediately destroy or deliver to Firestar all Infringing Products, labels, advertisements, promotional materials, business forms, catalogs, price sheets and/or all of the things in the possession, custody or control of Defendant that relate to the Infringing Products; and

    (ii)    To file with the Court and serve on Firestar, within thirty (30) days after the service on Defendant of such injunctions, a report in writing and under oath,

setting forth in detail the manner and form in which Defendant has complied with the injunction.

D. That the Court award judgment in the amount of $100,000.00 in favor of Firestar for the damages sustained by Firestar and the profits made by Defendants as a result of Defendant's wrongful conduct, or such other amount as may be additionally proved by Firestar.

E. That the Court declare this an exceptional case.

F. That the Court award judgment in favor of Firestar in the amount of trebled/enhanced damages in an amount to be determined b the Court.

G. That the Court award judgment against Defendants for the full costs of this action, including Firestar's reasonable attorneys' fees.

H. For interest on all amounts found to be due to Firestar from Defendant, at the prevailing rate, from the date said amounts or any part thereof became or becomes due.

I. That the Court require Defendant to notify its commercial associates, suppliers and customers, including manufacturers, wholesalers and retailers, of said Order.

J. That the Court order such other, further, and different relief as the nature of this action may require and that the Court may deem just and proper.

K. That the Court retain jurisdiction of this action for the purpose of enabling Firestar to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

## **TRIAL BY JURY DEMANDED**

Plaintiff demands a jury trial of all issues so triable.

Dated: Scarsdale, New York  Respectfully submitted,
July 6, 2016

**LACKENBACH SIEGEL LLP**

By: */s/ Robert B. Golden*

Robert B. Golden (RG-6157)
Jeffrey M. Rollings (JR-6940)
One Chase Road
Scarsdale, New York 10583
Phone: (914) 723-4300
Fax: (914) 723-4301
RGolden@LSLLP.com
JRollings@LSLLP.com
*Attorneys for Plaintiff Firestar Diamonds, Inc*